**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TONY A. WILSON,

        Plaintiff,

vs.                                                             Case No. 3:02-cv-357-J-32TEM

DEPARTMENT OF CHILDREN
AND FAMILIES; et al.,

        Defendants.

---

### **ORDER**[1]

This case is before the Court on Defendants'[2] Motion For Reasonable Trial And Appellate Attorneys' Fees (Doc. 351)[3] to which Plaintiff filed a response. (Doc. 357.)

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] Defendants are: the Florida Department of Children and Families, Lucy Farley, Fannie Green, Ann Hendricks, William Day, Eddie Gibson, Pauline Grant, Roger Williams, Theresa Pringle, Nate Dixon, and Allean Lovett. Defendants Gibson, Grant, and Pringle were dismissed without prejudice upon Plaintiff's motion for voluntary dismissal prior to summary judgment (Docs. 272, 292), and were not parties to the appeal.

[3] Defendants' Motion For Attorneys' Fees And Costs (Doc. 341) is superceded and incorporated by reference into Defendants' Motion For Reasonable Trial And Appellate Attorneys' Fees (Doc. 351). (See Doc. 356.)

**I.     Background**

In this case, Plaintiff Tony A. Wilson ("Wilson") unsuccessfully sued his former employer, the Florida Department of Children and Families ("DCF") and ten of his former co-workers in their individual and personal capacities for alleged race discrimination and other claims in connection with events that occurred primarily in 2001 and early 2002.

Following three years of often contentious and extensive discovery, and numerous litigation skirmishes, the parties filed cross motions for summary judgment. (Docs. 294, 311, 330.)  On January 10, 2006, this Court entered a thirty-eight page Order granting defendants' motion for summary judgment, and denying Wilson's motion for summary judgment (Doc. 335), and judgment was entered.  (Doc. 336.) Wilson appealed and on September 8, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed.  Wilson v. Farley, 203 Fed. Appx. 239 (11th Cir. 2006)(unpublished opinion).[4]

Following the Court's entry of Judgment, the defendants moved as prevailing parties under 42 U.S.C. § 2000e-5(k) ("Title VII") and 42 U.S.C. § 1988 for attorneys' fees and costs, seeking $355,434.00 in fees, and $5,700.78 in costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, for work at the trial court level.  (Docs. 341-1,

---

[4]    Plaintiff, on February 3, 2007, filed a petition for a writ certiorari with the United States Supreme Court.  The petition is currently pending.  See Supreme Court Public Docket, http://www.supremecourtus.gov/docket/06-9612.htm.

341-5, ¶¶ 5-7.)

Subsequently, after affirming the judgment in favor of defendants, the Eleventh Circuit granted defendants/appellees' motion for appellate attorney's fees and remanded the matter to this Court "with instructions to determine the amount of reasonable appellate attorney's fees to be awarded." (Doc. 349 at 1.)

In its motion for trial and appellate fees currently pending before the Court, defendants now seek $236,956.00 in trial fees, plus $34,868.66 in appellate attorneys' fees, as well as costs previously set forth. (Doc. 351 at 2.)

## II. Attorneys' Fees And Costs

### A. Attorney's Fees To Prevailing Defendant

A prevailing defendant in a Title VII case is entitled to attorneys' fees only when a court finds that the plaintiff's was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). See also Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995). "This standard applies equally to awards of attorneys' fees sought under 42 U.S.C. § 1988 by prevailing civil rights defendants. Head, 62 F.3d at 355 (citing Hughes v. Rowe, 449 U.S. 5, 14 (1980)). In making a frivolity determination, the Supreme Court cautioned:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not

3

> ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims . . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421-422. "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)(citation omitted). The standard to be applied in determining whether a prevailing defendant is entitled to fees has been described as a "stringent" one. Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1558 (11th Cir. 1995).

Courts consider several factors in determining frivolity: 1) whether the plaintiff established a *prima facie* case; 2) whether the defendant offered to settle; and 3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits. Head, 62 F.3d at 355-56. These factors are general guidelines only and are not hard and fast rules. Sullivan, 773 F.2d at 1189. Frivolity determinations are to be made on a case by case basis. Head, 62 F.3d at 355. Courts applying these factors have been reluctant to award fees unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest. See e.g., Head, 62 F.3d at 356; Cascella v. Canaveral Port Dist., No. 604CV1822ORL19DAB, 2006 WL 66719, at *4 (M.D. Fla. 2006). While findings of

4

frivolity have been sustained when a motion for summary judgment "has been granted in instances where plaintiffs did not introduce *any* evidence to support their claim . . .", a defendant is not entitled to an award of attorneys' fees and costs simply because it prevailed on summary judgment.  See, e.g., Head, 62 F.3d at 355-56.

Applying these standards to this case leads to the conclusion that an attorneys' fees award is not appropriate under 42 U.S.C. § 1988 or Title VII.  While it is abundantly clear that the Court's decision, affirmed on appeal, is supported by the record, it cannot be said that Wilson's claim is so patently devoid of merit as to be "frivolous."  See Walker, 53 F.3d at 1559.  The Court's finding that Wilson failed to make out a *prima facie* case for discrimination because he was unable to establish that he engaged in a statutorily protected activity required legal analysis of the complex nuances of the so-called "protected activity" prong of a Title VII analysis. (Doc. 335 at 19-22 & n. 16.)  Furthermore, while portions of plaintiff's claims against defendants were dismissed in response to defendants' motions to dismiss midway through the litigation, a number of claims, all of which arose out of the same set of facts, survived.  (Docs. 202, 254.)  In entering summary judgment in favor of the defendants, the Court in no way indicted that Wilson's suit was frivolous.  And, while the Eleventh Circuit affirmed this Court's grant of summary judgment, it made no finding that Wilson's claims was so patently devoid of merit as to be "frivolous." See Bonner v. Mobile Energy Services Co., L.L.C., 246 F.3d 1303, 1305 (11th Cir.

2001); Sullivan, 773 F.2d at 1189.  "[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review." Walker, 53 F.3d at 1559.

The Court finds that plaintiff Wilson's suit was not frivolous under the standard set forth in Christiansburg Garment Co., supra, and that defendants are not entitled to attorneys' fees at the trial level under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

## B.     Costs[5]

Defendants seek $5,189.78 in costs for court reporter transcription, and mail and delivery services. (Docs. 341-1 at 17; 341-5 at ¶ 6.) Defendants filed an itemized Cost Report as of January 10, 2006, the date before the Court's entry of judgment in their favor. (Doc. 341-9.) Plaintiff Wilson has not objected to any of the specific costs listed. The Court awards to defendants $5,189.78 in costs. See 28 U.S.C. § 1920(2).[6]

---

[5]     "Prevailing defendants are generally entitled to costs . . . " in a civil rights and employment discrimination case Kentucky v. Graham, 473 U.S. 159, 165 n. 9 (1985)(citing Fed. R. Civ. P. 54(d)); Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982); Jones v. City of San Antonio, 568 F.2d 1224, 1226 (5th Cir. 1978). Accordingly, defendants may recover costs incurred in this case as authorized by 28 U.S.C. § 1920.

[6]     The Court declines to award the $511.00 in costs sought for travel of defendants' counsel in connection with depositions, witness interviews, and court

### III.    **Appellate Attorneys' Fees**

The Eleventh Circuit, having granted defendants/appellees' motion for attorneys' fees, has remanded the matter to this Court "with instructions to determine the amount of reasonable attorney's fees to be awarded." (Doc. 349).[7]

Charged with determining the "reasonableness" of defendants' requested appellate attorneys' fees, the Court uses as guidance the familiar "lodestar" approach. Schafler v. Fairway Park Condominium Ass'n, 147 Fed. Appx. 113, 114-15 (11th Cir. 2005).  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonably hourly rate."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In this calculation, the Court should exclude hours that were not reasonably expended. Hensley, 461 U.S. at 434.  After calculating this "lodestar" the

---

hearings, inasmuch as this expense is not provided for by 28 U.S.C. § 1920.

[7]    It is unclear whether the Eleventh Circuit granted defendants' motion for attorney's fees as prevailing parties pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988, or Federal Rule of Appellate Procedure 38.  (see Docs. 349, 351 at 2, 357 at 20.)  A civil rights plaintiff/appellant who is unsuccessful on appeal "is not assessed the appellate attorney's fees of the defendant unless the appeal was frivolous, unreasonable, or without foundation." Young v. New Process Steel, LP, 419 F.3d 1201, 1206 (11th Cir. 2005), cert. denied, 126 S.Ct. 1466 (2006). Likewise, Rule 38 sanctions may be imposed against "'appellants who raise "clearly frivolous claims"' in the face of established law and clear facts.'" Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003)(citation omitted).  In any event, this Court does not think its ruling on fees at the trial level is inconsistent with the Eleventh Circuit's decision to award fees on appeal.

7

Court may then, within its discretion, adjust the amount upward or downward based on other considerations not yet figured in the computation, including results obtained and quality of representation, Id.; Loranger, 10 F.3d at 781.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). With respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. Id. at 1299. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Id. at 1303.

In accordance with their expert's opinion, defendants now seek $34,868.66 for defending this appeal. (Doc. 351 at 2.)

### A.   Reasonable Hourly Rate

The first step in the computation of the lodestar is determining the reasonable hourly rate. "'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir.

1996)(quoting Norman, 836 F.2d at 1299).[8]  In addition, the Court takes into account factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), to the extent they are relevant to the reasonableness of the rate.  See Loranger, 10 F.3d at 781 n.6 (noting that although Johnson factors were subsumed into lodestar by the Supreme Court in Hensley, 461 U.S. at 434 n. 9, they are appropriately considered when establishing a reasonable hourly rate); George v. GTE Directories Corp., 114 F. Supp.2d 1281, 1286 (M.D. Fla. 2000).

The defendants/appellees seek compensation at the following rates: $250.00 an hour for attorneys Glen A. Bassett, who drafted the answer brief on appeal, Louis Hubener, and William Wertz; and $65.00 an hour for certified paralegal Walter Baer.  (Doc. 351-2.)  Defendants have submitted the affidavit of expert Harry F. Chiles, an attorney with more than 25 years of legal experience, including 15 years with the Attorney General's office, who opined that Messrs. Bassett, Wertz, and Baer's requested rates were reasonable.  Defendants' expert offered no opinion as to Mr. Hubener's requested rate.  (Doc. 351-3, ¶ 7.d.)  Plaintiff Wilson does not dispute the proffered hourly rates.  (Doc. 357 at 20.)  The Court finds that $250.00 an hour for Mr. Bassett and Mr. Wertz is a reasonable rate, and that $65.00 an hour for Mr. Baer is reasonable.  In the absence of any evidence supporting the higher rate for Mr.

---

[8]  Services of paralegals and law clerks are also compensable at market rates. Missouri v. Jenkins by Agyei, 491 U.S. 274, 288-89 (1989).

Hubener, the Court must ascribe to him an associate-level rate testified to by defendants' expert Chiles of $150.00 an hour.  (See Doc. 351-3, ¶ 7.d.)

### B. Reasonable Hours Expended

In calculating what hours were reasonably spent on the litigation, exclusions for unnecessary or excessive time expended is left to the discretion of the Court. EEOC. v. Enterprise Leasing Co., Case No. 8:00CV2012T24EAD, 2003 WL 21659097, at * 3 (M.D. Fla. 2003)(citing Norman, 836 F.2d at 1301). The Court should exclude excessive, unnecessary and redundant hours. Duckworth, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours . . . ," Norman, 836 F.2d at 1303, and objections thereto must be equally specific and precise.  Duckworth, 97 F.3d at 1397;  Norman, 836 F.2d at 1301.

Plaintiff Wilson has submitted no specific objections to the number of hours listed by defendants' counsel.

However, defendants' own expert Chiles questioned the number of hours expended by defendants' legal team - a total of 280.1 hours - in responding to Wilson's initial brief on appeal, saying "I have . . . concerns with respect to attorney conferencing and overlap or duplication of effort." (Doc. 351-3, ¶ 9.)  Rather than deleting discrete items of billing, Mr. Chiles recommended, in his billing judgment, that the requested fee of $52,303 (by his calculation) be reduced across-the-board

10

between one-quarter (1/4) and one-third (1/3) to an amount between $34,868.66 and $39,227.25.  (Doc. 351-3, ¶ 9.)

The Court agrees that the hours submitted by defendants to prepare one answer brief for the Eleventh Circuit is excessive.  While the Court agrees that a line by line review of hours spent on discrete billing items is not productive or desirable, the records submitted by defendants compel some limited review and deletion of discrete requests.

First, the Court agrees with defendants' expert Mr. Chiles that the 53.3 hours spent by Mr. Wertz reviewing records and conferencing (plus nine hours of research) is highly questionable inasmuch as Mr. Wertz did not contribute to the drafting of, nor did he sign the answer brief.  (See Doc. 351-3, ¶ 9.)[9]  Therefore, time billed by Mr. Wertz is unreasonable, and the Court reduces the defendant's total fee request by the $13,325.00 attributable to Mr. Wertz.

Second, Mr. Hubener, while a signatory to the defendants' answer brief on appeal, see Wilson, 203 Fed. Appx. at 241, did not write the brief.  Rather, he attributes the 22.4 hours spent on the project to conferences with Mr. Bassett (2.3 hours) and reviewing drafts of the brief (20.1 hours).  (Doc. 351-2 at 6.)  The Court believes that this time was excessive, and, in accordance with the defendants'

---

[9]   Mr. Wertz worked on this case while it was pending before this Court, starting in April 2004.  He lists 197.50 hours of work, mostly reviewing documents and conferring.  (Doc. 341-8.)

11

expert's opinion, reduces Mr. Hubener's hours by one-third (1/3) to 14.8 hours. When calculated at $150.00 an hour, see supra at 10, the reasonable fee for Mr. Hubener's review of the draft briefs and conferring with Mr. Bassett is $2,220.00.

According to the records submitted by defendants, Mr. Bassett was the primary brief-writer, with the assistance of a certified paralegal, Mr. Baer. Mr. Bassett submits 104.3 hours, including 73.3 for "brief writing." Significantly, his paralegal seeks fees for an additional 72.2 hours spent on "brief writing." The Court finds 145.5 hours drafting an answer brief to be excessive and duplicative, particularly in view of the fact that the issues on appeal had been previously briefed to the district court. See Action Security Service, Inc. v. America Online, Inc., No. 6:03-cv-1170-Orl-22DAB, 2007 WL 191308, at *8-9 (M.D. Fla. 2007)(finding 150 hours claimed to defend an appeal excessive); Hoover v. Bank of America Corp., No. 8:02-CV-478-T-23TBM, 2006 WL 2465398, at *1 (M.D. Fla. 2006)(finding excessive hours sought for appeal where legal issues were previously addressed in the long history of the litigation). Indeed, Mr. Bassett, who began working on this case in September, 2003, drafted the summary judgment motion memoranda. (Doc. 341-8.) Accordingly, the total hours sought by Messrs. Bassett and Baer are excessive, in light of the prior work done on these same issues, and unreasonable in the exercise of good billing judgment. Reducing Mr. Bassett's 104.3 hours by one-third (1/3), as recommended by defendants' expert, a reasonable number of hours for Mr. Bassett is 68.8 hours, for

a reasonable fee of $17,200.00.  As to Mr. Baer, the Court agrees with defendants' expert that non-legal work is not billable.  (See Doc. 351-3, ¶ 9.)  Accordingly the Court subtracts from Mr. Baer's time 14.4 hours for organizing the file and drafting letters plus 8.4 hours for checking the court docket and preparing documents for shipping, leaving 77.3 hours for brief writing, conferring and research.  Then, in accordance with the Court's finding that the legal time spent is excessive, the Court further reduces this amount by one-third (1/3) to 51 hours as a reasonable amount of time spent for paralegal support in connection with the defendants' preparation of an answer brief on appeal.  At $65.00 an hour, a reasonable fee for Mr. Baer's work on this appeal is $3,315.00.

### C. Summary of Lodestar Determination

**Defendants' Lodestar**
(Doc. 351-2)

|  | Hourly Rate | Hours | Total Fee |
|---|---|---|---|
| Mr. Wertz | $250 | 53.3 | $ 13,325.00 |
| Mr. Hubener | $250 | 22.4 | 5,600.00 |
| Mr. Bassett | $250 | 104.3 | 26,075.00 |
| Mr. Baer | $ 65 | 100.1 | 6,415.50 |
| **Total** |  |  | **$ 51,415.50**[10] |

---

[10]   In accordance with the opinion of their expert, defendants reduced their lodestar request and seek $34,868.66 in appellate attorney fees.

13

**Court's Determination of Lodestar**

|  | Hourly Rate | Hours | Total |
|---|---|---|---|
| Mr. Wertz | $250 | 0 | $   0 |
| Mr. Hubener | $150 | 14.8 | 2,220.00 |
| Mr. Bassett | $250 | 68.8 | 17,200.00 |
| Mr. Baer | $ 65 | 51.00 | 3,315.00 |
| **Total** |  |  | **$ 22,735.00** |

A reasonable appellate attorney's fee to be awarded to defendants is $22,735.00.[11]

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

1. Defendants' Motion For Reasonable Trial And Appellate Attorneys' Fees (Doc. 351) is **GRANTED IN PART, AND DENIED IN PART** as follows:

    A. Defendants' motion for reasonable trial attorneys' fees is **DENIED.**

    B. Defendants' motion for reasonable appellate attorneys' fees, filed pursuant to mandate from the United States Court of Appeals for the Eleventh Circuit (Doc. 349) and this Court's Order (Doc. 350), is **GRANTED IN PART** to the extent that defendants are entitled to recover from plaintiff Tony A. Wilson $22,735.00 in reasonable appellate attorneys' fees.

---

[11] The Court makes no adjustments to the lodestar amount.

2.     Defendants, as prevailing parties, are entitled to recover costs in the amount of $5,189.78.

3.     The Court will enter Judgment for Appellate Attorneys' Fees in favor of Defendants and against Plaintiff Tony A. Wilson in the amount of $22,735.00, and for Costs in favor of Defendants and against Plaintiff Tony A. Wilson in the amount of $5,189.78, plus post-judgment interest at the statutory rate.  28 U.S.C. § 1961.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of April, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record
Pro Se Plaintiff